IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ronald Owens Whetstone, | ) | |
| | ) | Civil Action No.: 3:08-cv-3246-GRA |
| Petitioner, | ) | **Order** |
| vs. | ) | |
| | ) | |
| Warden, Perry Correctional | ) | |
| Institution, and Henry D. McMaster | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter comes before the Court to review Magistrate Judge McCorey's Report and Recommendation, filed on February 5, 2010. For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation in its entirety.

Petitioner's initial complaint was filed on September 24, 2008 under 28 U.S.C. § 2254. On March 13, 2009, Respondents filed a Motion for Summary Judgement. On March 16, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1979), the magistrate advised Petitioner of the summary dismissal procedure and the possible consequences if he failed to respond adequately. Petitioner filed a Response in Opposition on June 24, 2009, after being granted two time extensions. The magistrate recommends granting Respondents' Motion for Summary Judgement.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This

Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner has made no objections to the magistrate's Report and Recommendation.

In addition, this Court granted Petitioner a time extension on March 2, 2010, to file objections to the magistrate's Report and Recommendation. This Court notes that two days after the objections were due, Petitioner filed a second Motion for Extension of Time. While this Court is sympathetic to Petitioner's issues, he has not met his burden of showing good cause in this regard. Therefore, this Court will deny Petitioner's Motion for Extension of Time.

## Conclusion

After a thorough review of the record, magistrate's Report and Recommendation, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case.  Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED THAT Petitioner's Motion for Extension of Time is DENIED, Respondents' Motion for Summary Judgement is GRANTED and that Petitioner's petition is DISMISSED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

Anderson, South Carolina
March   26  , 2010

## **CERTIFICATE OF APPEALABILITY**[1]

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

---

[1] On December 1, 2009, the Rules Governing Section 2254 and 2255 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* 28 U.S.C. § 2254, Rule 11(a); 28 U.S.C. § 2255, Rule 11(a). This amendment also encompasses motions to reconsider final rulings on habeas petitions. *See U.S. v. Haynes*, No. 09-7606, 2009 WL 4506466 (4th Cir. Dec. 9, 2009).

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE